# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **HARTFORD UNDERWRITERS INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY,**<br><br>Plaintiffs,<br><br>v.<br><br>**MASTER CRAFT ENGINEERING, INC., CASE NEW HOLLAND, CNH AMERICA LLC, CAROLINA COMMERCIAL HEAT TREATING CONYERS DIVISION, and BLUEWATER THERMAL PROCESSING, LLC,**<br><br>Defendants. | Civil Action: 7:10-CV-78 (HL) |

## ORDER

On August 10, 2010, Plaintiffs filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiffs are attempting to establish

jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

An action for declaratory relief, such as the one at issue here, must independently satisfy federal subject matter jurisdiction requirements; the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing district courts to grant declaratory relief in "a case of actual controversy within its jurisdiction"). Thus, in order for Plaintiff to maintain its action for declaratory judgment in this Court, it must still satisfy the jurisdictional prerequisites for filing an action in the federal district courts.

Plaintiffs allege that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiffs state that they are Delaware corporations, with their respective principal places of business in Connecticut. Plaintiffs allege that Defendant Master Craft Engineering, Inc. is a Michigan corporation with its principal place of business in Georgia; that Defendant CNH America LLC is a Delaware limited liability company with its principal place of business and headquarters in Wisconsin; that upon information and belief, Defendant Carolina Commercial Heat Treating - Conyers Division is a Nevada corporation with its principal place of business in North

Carolina, and that Defendant Bluewater Thermal Processing, LLC is a Delaware limited liability company with its principal place of business in South Carolina.

For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id. In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking, as Plaintiff failed to identify the citizenship of each of the members of Defendant CNH America LLC and Defendant Bluewater Thermal Processing, LLC.

The Court also notes that Plaintiffs make no citizenship allegations with regard to Defendant Case New Holland.

As a result of these deficiencies, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiffs should be allowed to amend to correct the deficiencies. With regard to the LLC Defendants, this does not mean that Plaintiffs are to make a blanket

statement that the members of the LLC are each citizens of a certain state. Plaintiffs are to identify each member of the LLCs and provide his, her, or its place of citizenship.

Plaintiffs shall have until August 20, 2010 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 12th day of August, 2010.

                                      *s/ Hugh Lawson*
                                      **HUGH LAWSON, SENIOR JUDGE**

mbh